UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CORNERWORLD CORPORATION,

       Plaintiff,

v.

NED TIMMER, JOLEE TIMMER,
FIONA WICKS, and PETER LAZOR,

       Defendants.
_____/

File No. 1:09-CV-1124

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Ned Timmer's motion for reconsideration or relief from preliminary injunction, or, in the alternative, clarification or modification and enforcement of the preliminary injunction. (Dkt. No. 15.)

Timmer contends that the preliminary injunction entered on December 22, 2009, (Dkt. No. 13), is contrary to state law[1] because once the Court found CornerWorld was in default, the Court had no authority to void Timmer's enforcement action based on the alleged immateriality of the default. *See* Mich. Comp. Laws § 440.9601 (providing that after default, a secured party has the rights provided in the security agreements or as provided by law); *Gorham v. Denha*, 258 N.W.2d 196, 199-200 (Mich. Ct. App. 1977) (holding that a secured

---

[1] Timmer contends that it is immaterial whether the transactional agreements are governed by New York or Michigan law because, as a practical matter, the governing laws are essentially the same.

party has the right to enforce the rights and remedies provided for in the security agreement without regard to whether the default is "technical" or whether the secured party has suffered a "pecuniary loss").

The Court stands by its ruling. A preliminary injunction is, by its terms, preliminary. It is designed to maintain the status quo until a full record can be developed on the underlying issues. *Smith Wholesale Co., Inc. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854, 873 n.13 (6th Cir. 2007). In this case, the Court determined that it was appropriate to maintain the status as it existed prior to December 10, 2009. The reason for this determination was that Timmer's actions on December 10 were triggered, for the most part, by conduct that did not qualify as "events of default." Although the Court found that the lack of a Control Agreement did constitute an "event of default," the Court undertook to protect Timmer's security interests by ordering CornerWorld to immediately set up proper Control Agreements. Moreover, it is possible that the Court should not have characterized the lack of a Control Agreement as an "event of default." *See Smith Wholesale Co.*, 477 F.3d at 873 n.13 ("[F]indings of fact and conclusions of law made by a district court in granting a preliminary injunction are not binding at a trial on the merits.") (*quoting United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004)). Timmer presented no evidence that CornerWorld was unwilling to enter into a Control Agreement or that it had not attempted to negotiate a Control Agreement. Instead, the evidence indicated that the parties, in their Buy/Sell agreements, had agreed on a manner of perfection (a Control Agreement)

2

that was difficult, if not impossible, to provide. CornerWorld kept Timmer informed of its efforts to obtain a Control Agreement and in the interim provided Timmer access to its bank account at Comerica Bank. Timmer presented no evidence that he suggested any alternative means of perfecting his security interests in the account in the event a Control Agreement could not be arranged. The Court is satisfied that it did not exceed its authority in entering the preliminary injunction. Accordingly, the Court denies Timmer's request for reconsideration.

Timmer has alternatively requested clarification or modification of the preliminary injunction. This request focuses on the following provision in the preliminary injunction:

> 2. Timmer and Fiona Wicks and all those persons and entities in active concert or participation with them shall return to CornerWorld all collateral and/or property belonging to CornerWorld over which they have asserted dominion and control, including, but not limited to, the funds contained in CornerWorld's Comerica bank accounts and all other funds received by them since December 10, 2009.

(Dkt. No. 13, Order & Prelim. Inj.).

Timmer seeks clarification as to whether this paragraph requires him to return all of the stock in Woodland Holdings which he has possessed since February of 2009. Timmer contends that his on-going possession of the Woodland Holdings stock is necessary to perfect his security interest in the stock.

The Court only intended to require Timmer to return the collateral and/or property belonging to CornerWorld over which he asserted dominion and control from and after December 10, 2009. The Court did not intend for Timmer to have to return collateral that

3

has been in his possession since the February 2009 sale.

Timmer has also requested enforcement of the following provision of the preliminary injunction:

> 4. CornerWorld shall immediately set up bank accounts in Holland Michigan with proper Control Agreements.

(Order & Prelim. Inj.)

As of December 28, 2009, CornerWorld informed Timmer that it was having difficulty setting up the accounts. CornerWorld has filed a notice of its efforts to comply with the order regarding Control Agreements and has indicated that to date it has not been able to find a bank in Holland, Michigan that is willing to provide a Control Agreement. (Dkt. No. 17, CornerWorld's Notice of Efforts to Comply).

Timmer asks the Court to immediately enforce its order as to the new bank accounts and Control Agreements. In the alternative, Timmer asks the Court to modify its order to require CornerWorld to promptly perfect the security interest by granting Timmer a Control Agreement or by making Timmer the bank's customer pursuant to Mich. Comp. Laws § 440.9104, or to use a regional bank outside of Holland.

The Court cannot force banks to provide a Control Agreement. Neither can the Court rewrite the parties' agreement. Accordingly,

**IT IS HEREBY ORDERED** that to the extent Timmer's motion for reconsideration (Dkt. No. 15) asks the Court to set aside its December 22, 2009, Order and Preliminary Injunction, the motion is **DENIED**.

**IT IS FURTHER ORDERED** that to the extent Timmer's motion (Dkt. No. 15) seeks clarification, the motion is **GRANTED**, and it is **CLARIFIED** that the Order and Preliminary Injunction does not require Timmer to turn over the Woodland Holdings stock that was in his possession prior to December 10, 2009.

**IT IS FURTHER ORDERED** that to the extent Timmer's motion (Dkt. No. 15) seeks enforcement of the preliminary injunction, the motion is **GRANTED IN PART AS FOLLOWS:** counsel for the parties shall explore alternatives for perfecting Timmer's security interest in bank accounts. If the parties cannot accomplish a means for perfecting Timmer's security interest in bank accounts within 30 days of this order, the Court reserves its right to appoint a special master pursuant to Rule 53(b) of the Federal Rules of Civil Procedure to resolve this issue.

Dated: January 7, 2010                    /s/ Robert Holmes Bell
                                                      ROBERT HOLMES BELL
                                                    UNITED STATES DISTRICT JUDGE