UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORNERWORLD CORPORATION,

       Plaintiff,

File No. 1:09-CV-1124

v.

HON. ROBERT HOLMES BELL

NED TIMMER,

       Defendant.
       _____/

## **O P I N I O N**

On October 8, 2010, the Special Master filed his Second Dispute Resolution Recommendation, recommending that the Court: (1) conclude that Defendant has waived his right to arbitrate Earn Out Agreement disputes with the American Arbitration Association ("AAA"), and (2) issue an order stating that Defendant shall not issue a notice of default concerning Plaintiff's failure to provide its shareholder list unless and until Defendant produces a reasonable basis for needing Plaintiff's complete shareholder list to enforce his rights under the Secured Debenture. (Dkt. No. 108.) Defendant Ned Timmer filed objections to the Recommendation on October 15, 2010. (Dkt. No. 109.) Plaintiff Cornerworld filed a brief in response on October 22, 2010. (Dkt. No. 110). For the reasons that follow, the Court will adopt the recommendation in part and reject it in part.

# I.

Timmer has objected only to the recommended finding that he has waived his right to submit his dispute under the parties' Earn Out Agreement to the AAA for arbitration.

The Special Master concluded that Timmer waived AAA arbitration by: 1) allowing the litigation to proceed for seven months before raising the arbitration clause, 2) filing a counterclaim agreeing that this Court was the proper venue for this dispute, 3) failing to request arbitration in his answer or affirmative defenses, and 4) filing a state court claim and delivery action alleging violations of the Earn Out Agreement. The Special Master further found that CornerWorld would suffer actual prejudice if the Earn Out dispute were referred to arbitration at this stage, since it has invested in litigating the matter in this Court and has won certain victories that could be undone by beginning again with an AAA arbitrator.

The Federal Arbitration Act requires the arbitration of disputes "involving interstate commerce" where the parties have agreed to do so through a contractual arbitration clause. 9 U.S.C. § 2. Where a dispute subject to arbitration is presented to a court, and the making of the agreement for arbitration or the failure to comply therewith is not in issue, "the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement . . . ." 9 U.S.C. § 4. The Court must examine arbitration language in a contract in light of "the strong federal policy in favor of arbitration, resolving any doubts as to the parties' intentions in favor of arbitration." *Hurley v. Deutsche Bank Trust Co. Americas*, 610 F.3d 334, 338 (6th Cir. 2010) (citing *Albert M. Higley Co. v. N/S Corp.*, 445

F.3d 861, 863 (6th Cir. 2006)). Because of the presumption in favor of arbitration under the Federal Arbitration Act, courts do not lightly infer a party's waiver of its right to arbitration. *Id.* (citing *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 355 (6th Cir. 2003)). "[A] party may waive an agreement to arbitrate by engaging in two courses of conduct: (1) taking actions that are completely inconsistent with any reliance on an arbitration agreement; and (2) 'delaying its assertion to such an extent that the opposing party incurs actual prejudice.'" *Id.* (citing *O.J. Distrib.* 340 F.3d at 356). In *Hurley*, the Sixth Circuit found a waiver where the defendant failed to assert the right to arbitration for 26 months and sought arbitration only after the court had entered a default judgment against it. 610 F.3d at 338-39. *See also Manasher v. NECC Telecom*, 310 F. App'x 804, 806 (6th Cir. 2009) (finding that the defendant waived its right to arbitration by failing to plead arbitration as an affirmative defense and by actively participating in litigation for almost a year without asserting that it had a right to arbitration).

## II.

The parties' intention to present disputes regarding the Earn Out Agreement to arbitration is clear. The Earn-Out Agreement between Timmer and Woodland Holdings provides in pertinent part:

> If any dispute or difference of any kind whatsoever shall arise between the parties to this Agreement (each a "Disputing Party") in connection with or arising out of this Agreement, or the breach, termination or validity thereof (a "Dispute"), then, on the demand of any Disputing Party, the Dispute shall be finally and exclusively resolved by arbitration in accordance with the Commercial Arbitration Rules of the AAA . . . .

3

(Dkt. No. 6, Ex 12, ¶ 15.)

In examining the issue of waiver, the Court notes that the Earn Out Agreement is only one of the many alleged defaults alleged in Timmer's counterclaim and in his claim and delivery action, *Timmer v. Woodland Holdings Corp.*, Case No. 1:10-CV-793 (W.D Mich.), and it is the only transaction document that has an arbitration provision.

The Court also observes that the Earn Out Agreement was not at issue when Timmer commenced his first action against CornerWorld. *See Timmer v. CornerWorld*, 1:09-CV-1131 (W.D. Mich. Dec. 15, 2009) (Dkt. No. 1, Compl.) The Earn Out Agreement did not become an issue in this case until March 24, 2010, when Timmer asserted in his counterclaim that Plaintiff had defaulted on its obligations under the Secured Debenture by, among other things, failing to account properly for various expenses under the Earn Out agreement. (Dkt. No. 41, Countercl. ¶ 25(d).) Because the Earn Out Agreement was not at issue in January, 2010, when Timmer filed his answer and affirmative defenses to CornerWorld's amended complaint, his failure to to mention arbitration in those pleadings is not evidence of waiver.

CornerWorld has insisted from the beginning that Timmer's claim under the Earn Out Agreement is subject to binding arbitration. (Dkt. No. 45, Pl.'s Br. 16; Dkt. No. 60, Pl.'s Reply Br. 8-10.) Timmer did not challenge this assertion. He agreed that "[a]s to arbitration, the Court should order the Parties to arbitrate the one claim that is subject to arbitration." (Dkt. No. 58, Def.'s Resp. 1.) Timmer further asserted that "[d]isputes arising out of the

Earn Out Agreement are subject to binding Arbitration that is to take place in New York." (*Id.* at 13.) Timmer then indicated that failure to pay under the Earn Out Agreement is also an Event of Default under § 6(a)(iii) of the Debenture[1] and that arbitration does not apply to enforcement of a default under the Debenture and Security agreements. *Id.*

On July 30, 2010, Timmer filed an action for claim and delivery in the Ottawa County Circuit Court that was removed to this Court. *Timmer v. Woodland Holdings Corp.*, Case No. 1:10-CV-793 (W.D. Mich. removed Aug. 10, 2010). Among the defaults alleged by Timmer in that action was the failure to make payment under the Earn Out Agreement. *Id.* (Dkt. No. 1, Notice of Removal, Ex. 1C1, Compl. ¶ 25(B).) On August 26, 2010, the defendants in Case No. 1:10-CV-793[2] filed a motion to dismiss asserting again that an alleged breach under the Earn Out Agreement does not constitute a "default" under the Secured Debenture because any dispute under the Earn Out agreement is subject to mandatory, binding arbitration. (Case No. 1:10-CV-793, Dkt. No. 7, Defs.' Br. 11.)

In response, Timmer asserted that the Earn Out Agreement's arbitration provision specifically provides for legal proceedings in aid of arbitration:

> By agreeing to arbitration, the Disputing Parties do not intend to deprive any court of its jurisdiction to issue a pre arbitral injunction, pre arbitral

---

[1] The Secured Debenture defines an "event of default" to include a default under any of the Transaction Documents. (Dkt. No. 6, Ex. 8, Secured Debenture § 6(a)(iii).)

[2] The defendants in Case No. 1:10-CV-793 are Woodland Holdings Corp., Woodland Wireless Solutions, Ltd., S. Squared, LLC, West Michigan Co-Locations Services, LLC, TwTV, LLC and IU Investments, LLC.

attachment, or other order in aid of arbitration proceedings and the enforcement of any award.

(Earn Out Agrm't ¶ 15.) According to Timmer, the claim and delivery action is a pre arbitral mechanism of the sort intended by this provision. (Case No. 1:10-CV-793, Dkt. No. 9, at 12.)

As the Special Master correctly noted, although an action for claim and delivery includes a provision for possession pending judgment, Mich. Ct. R. 3.105(E), the action itself is not merely to preserve the status quo because it seeks the final relief of repossession and damages. Mich. Ct. R. 3.105(A).

Because Timmer has repeatedly affirmed the need to arbitrate disputes under the Earn Out Agreement, the Court must consider whether Timmer's belief that he could simultaneously pursue disputes under the Earn Out Agreement in arbitration at the same time as he litigated violations of the Earn Out Agreement in this Court amounts to a waiver of his right to arbitration. Upon review, the Court concludes that Timmer's actions in this Court are not "completely inconsistent with any reliance on an arbitration agreement." Timmer has never denied that disputes over the Earn Out Agreement are subject to arbitration. He has merely presented an argument that the failure to abide by the Earn Out Agreement is also an event of default under the Secured Debenture. Based upon the language of the transaction documents, this is at least an arguable position.

Furthermore, the Court finds that Timmer's delayed request for arbitration has not resulted in prejudice to CornerWorld. As recently as August, 2010, CornerWorld asserted

6

that the dispute over the Earn Out Agreement was subject to arbitration. In September, Timmer himself requested a determination from the Special Master as to whether he could bring the Earn Out Agreement to AAA arbitration. CornerWorld has not suggested that it was prejudiced by anything that occurred during the month that elapsed between CornerWorld's assertion of the right to arbitrate disputes under the Earn Out Agreement and Timmer's request for arbitration. Moreover, unlike the situation in *Hurley*, *supra*, this Court has made no rulings on the Earn Out Agreement, and the rulings the Court has entered would not be affected by arbitration of the Earn Out Agreement. Accordingly, the Court concludes that the parties' dispute over the Earn Out Agreement should be sent to arbitration.

For the reasons stated herein, the Court declines to adopt the Special Master's recommendation regarding waiver of AAA arbitration, but the Court adopts his recommendation regarding notice of default. The Court will also issue an order directing the parties to arbitrate their disputes under the Earn Out Agreement in accordance with the Commercial Arbitration Rules of the AAA as contemplated in the Earn Out Agreement.

An order consistent with this opinion will be entered.

Dated: November 12, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE